United States District Court
Southern District of Texas
**ENTERED**
August 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J. MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00087 |
| | § | |
| STATE FARM FIRE AND CASUALTY COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendant State Farm Fire and Casualty Company's motion to dismiss pursuant to Rule 12(b)(3), or in the alternative, motion to transfer venue. *See* Dkt. 29. Because "venue is not a jurisdictional issue" here, and because I have already addressed this exact issue in a related case that Mitchell has filed in this district and division,[1] in the interests of judicial economy, I will "instead address the merits" of Mitchell's claims sua sponte. *Moler v. Wells*, 18 F.4th 162, 167 (5th Cir. 2021).[2]

## BACKGROUND

Plaintiff Andrew J. Mitchell was, at all relevant times, an individually licensed Louisiana public adjuster. Mitchell conducted his adjusting business through Mitchell Adjusting International, LLC ("MAI"). When MAI contracted with an insured to provide adjusting services, the insured was required to execute a Notice of Authorization ("NOA") to its insurer—here, State Farm—"directing State Farm to

---

[1] *See* Memorandum and Recommendation, *Mitchell v. Allstate Insurance Company*, No. 3:26-cv-00088 (S.D. Tex. Aug. 27, 2026), ECF No. 37.

[2] "Normally, a district court can only dismiss a claim sua sponte after giving the adverse party notice and an opportunity to respond. A magistrate judge's report and recommendation constitutes sufficient notice and opportunity, as the parties can submit objections to the recommended findings and conclusions." *Jones v. City of Dall.*, No. 24-10803, 2025 WL 2491127, at *6 (5th Cir. Aug. 29, 2025) (cleaned up).

include the adjusting representation as additional payee." Dkt. 24 at 9. Mitchell has sued State Farm because, after providing adjusting services to certain of State Farm's insureds—each of whom executed an NOA directing that MAI be included as an additional payee on any settlement checks—State Farm failed to include MAI on the settlement checks. Mitchell asserts three claims against State Farm, each pleaded in the alternative: (1) unjust enrichment; (2) conversion; and (3) tortious interference with vested compensation. For the reasons discussed below, Mitchell cannot state a claim against State Farm.

**LEGAL STANDARD**

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Fifth Circuit "hold[s] pro se plaintiffs to a more lenient standard than

lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Twombly*, 550 U.S. at 555.

## ANALYSIS

Mitchell brings three causes of action against State Farm, each pleaded in the alternative: (1) unjust enrichment; (2) conversion; and (3) tortious interference with vested compensation. I will address each claim in turn.

### A. Unjust Enrichment

Mitchell asserts that State Farm was unjustly enriched when it excluded him "from settlement instruments in derogation of the NOAs" executed by the insureds with whom MAI contracted. Dkt. 24 at 12. Louisiana recognizes a claim for unjust enrichment when a person is "enriched without cause at the expense of another person." La. C.C. Art. 2298. The remedy, however, "is subsidiary and shall not be available if the law . . . declares a contrary rule." *Id.*

Here, Louisiana law has an explicit contrary rule: "The salary, fee, or other consideration to be paid to the public adjuster is the obligation of the insured, *not the insurer*." La. Rev. Stat. § 22:1704(E)(5) (emphasis added). Whatever relief Mitchell believes he is owed, he must pursue such relief from the insureds, not the insurer. Accordingly, State Farm is entitled to dismissal of Mitchell's unjust enrichment claim.[3]

### B. Conversion

Alternatively, Mitchell asserts that State Farm has converted his property. "A conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion." *Quealy v.*

---

[3] Mitchell works for the insureds, not State Farm. Mitchell owes "complete loyalty" to the insureds to "best serve the insured's insurance claim needs and interest," not State Farm's needs and interests. La. Stat. Ann. § 22:1706(A). It is the insureds who are enriched by Mitchell's services, not State Farm. To the extent State Farm is incidentally enriched, it remains the insured, not State Farm, who is obliged to pay Mitchell. *See id.* § 22:1704(E)(5).

*Paine, Webber, Jackson & Curtis, Inc.*, 475 So. 2d 756, 760 (La. 1985). To state a conversion claim, Mitchell must plead facts showing his "ownership of the funds" at issue. *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 216 (5th Cir. 1986). Mitchell cannot do this.

The NOAs do not assign ownership of the settlement proceeds to Mitchell. Rather, the NOAs merely provide that Mitchell should be included "as additional payee." Dkt. 24 at 9. Any funds issued from State Farm to the insureds remained *the insureds'* property, not Mitchell's. The insureds have an obligation to compensate Mitchell, but that does not give Mitchell ownership of those funds. Because Mitchell cannot establish ownership over the settlement proceeds that State Farm sent to its insureds, Mitchell cannot state a conversion claim against State Farm. *See Unimobil 84*, 797 F.2d at 216.

### C. Tortious Interference with Vested Compensation

As an alternative to his unjust enrichment and conversion claims, Mitchell asserts a claim for "tortious interference with vested compensation." Dkt. 24 at 13. Those words do not appear in any case law, and I cannot locate any authorities suggesting that "tortious interference with vested compensation" is a cognizable cause of action under Louisiana law. Thus, I will charitably construe this claim as one for tortious interference with contract.

At least one Louisiana court of appeal has held that the tortious interference doctrine "should not be expanded to include corporate entity defendants." *Tech. Control Sys., Inc. v. Green*, 809 So. 2d 1204, 1209 (La. App. 3 Cir. 2002). That is reason enough to dismiss Mitchell's tortious interference claim. But even if Louisiana law recognized a tortious interference claim against a corporate entity defendant, Mitchell fails to state such a claim.

Louisiana law "requires that the defendant owe a duty to the plaintiff in order for the plaintiff to have a viable claim for tortious interference with a contract." *Petrohawk Props., L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 396 (5th Cir. 2012) (citing *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d 228, 232–34 (La. 1989)). Mitchell asserts that State Farm's duty to him derives from the NOAs that the insureds

executed. *See* Dkt. 24 at 14 ("State Farm had actual notice of the executed NOAs on each of the [48] claims at issue and was aware that the licensed adjusting labor on those claims had been personally performed by [Mitchell] as an individually licensed Louisiana Public Adjuster."). The argument that the NOAs created a duty flowing from State Farm to Mitchell flies in the face of Louisiana's explicit statutory instruction regarding responsibility for paying a public adjuster's fee: "The salary, fee, or other consideration to be paid to the public adjuster is the obligation of the insured, not the insurer." La. Rev. Stat. § 22:1704(E)(5). Because Louisiana law does not support the notion that the NOAs created a duty flowing from State Farm to Mitchell, State Farm is entitled to dismissal of Mitchell's tortious interference claim.

## CONCLUSION

For the reasons discussed above, I recommend that Mitchell's case against State Farm be sua sponte dismissed with prejudice for failure to state a claim.[4] State Farm's pending motion to dismiss pursuant to Rule 12(b)(3), or in the alternative, motion to transfer venue (Dkt. 29) should be denied as moot.

The parties have 14 days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 27th day of August 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

[4] Louisiana law clearly states that insureds are responsible for paying their public adjusters, not insurers. There is simply nothing that Mitchell (or MAI, for that matter) could re-plead to change the outcome here. Because the defects in Mitchell's case are incurable, any amendment would be futile.