United States District Court
Southern District of Texas
**ENTERED**
September 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00087 |
| | § | |
| STATE FARM FIRE AND CASUALTY COMPANY, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

On March 25, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 9. Judge Edison filed a memorandum and recommendation on August 27, 2026, recommending that Plaintiff Andrew Mitchell's case against Defendant State Farm Fire and Casualty Company be sua sponte dismissed with prejudice for failure to state a claim, and that State Farm's motion to dismiss pursuant to Rule 12(b)(3) or, in the alternative, motion to transfer venue (Dkt. 29) be denied as moot. Dkt. 35.

On September 3, 2026, Mitchell filed his objections to the memorandum and recommendation. Dkt. 36. Mitchell simultaneously filed a motion for leave to file a second amended complaint. Dkt. 38. Because Mitchell seeks the same relief in his motion for leave as in his objections, the court will address the motion for leave alongside the objections. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is

required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court. In his objections, Mitchell abandons his previous claims and objects only to Judge Edison's recommendation that dismissal be with prejudice because amendment would be futile.[1]

Mitchell seeks leave to amend to assert a general negligence claim under Louisiana Civil Code Art. 2315. Mitchell acknowledges that to state such a claim, he must point to a duty arising from statutory law, jurisprudence, or general principles of fault that flows from State Farm to Mitchell. Dkt. 38-1 at 4. Mitchell argues that "State Farm owed a duty to exercise reasonable care in its own handling and disbursement of settlement proceeds." Dkt. 38-1 at 2. Even assuming Louisiana law imposes such a duty, Mitchell has not shown that such a duty runs to him. Any duty governing State Farm's payment of settlement proceeds would

[1] The plaintiff also objects to the extent the court would enter a ruling "adjudicating any claim of [Mitchell Adjusting International, LLC (MAI)]." Dkt. 36 at 6. As the court has already explained to the plaintiff, MAI can appear in federal court only through licensed counsel. Dkt. 21. Because MAI has not appeared through licensed counsel, MAI is not before this court, and this court cannot adjudicate any claims pertaining to MAI.

run to State Farm's insured and, perhaps, the insured's designated payee, co-payee, or assignee. Mitchell is none of those. As Mitchell acknowledges, when an "insured executed a written Notice of Authorization directing State Farm to include the adjusting representation as an additional payee on 'all settlement checks, drafts and/or payments' . . . [t]hose directions identified MAI as the additional payee," not Mitchell. *Id.* at 6. Mitchell's argument is essentially that, because State Farm knew that its manner of paying its insured could affect Mitchell economically, State Farm had a duty to exercise reasonable care not to cause him economic harm. But that is an argument concerning the foreseeability and directness of Mitchell's injury—matters bearing on the *scope* of a duty—not the antecedent question of whether State Farm owed Mitchell a duty at all. *See Campbell v. Orient-Express Hotels La., Inc.*, 403 So. 3d 573, 584 (La. 2025) ("A duty must first be established, before the 'extent'/scope of that duty is considered."). Because Mitchell has not identified a recognized duty flowing from State Farm to him, permitting Mitchell to amend his complaint would be futile.

It is therefore ordered that:

(1) Judge Edison's memorandum and recommendation (Dkt. 35) is approved and adopted in its entirety as the holding of the court;

(2) Mitchell's claims against State Farm are sua sponte dismissed for failure to state a claim upon which relief may be granted;

(3) State Farm's motion to dismiss pursuant to Rule 12(b)(3) or, in the alternative, motion to transfer venue (Dkt. 29) is denied as moot;

(4) Mitchell's motion for leave to file a second amended complaint (Dkt. 38) is denied; and

(5) This case is dismissed with prejudice.

SIGNED on Galveston Island this 25th day of September, 2026.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE